## HOOKLESS FASTENER CO. v. LION FASTENER, Inc.

### No. 5625.

Circuit Court of Appeals, Third Circuit.

Aug. 31, 1936.

Supplemental opinion.

Brown, Critchlow & Flick, of Pittsburgh, Pa., for appellant.

Hugh C. Lord, of Erie, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The learned District Court held that: (1) The claims of the patents in suit, Sundback, No. 1,331,884, and Sundback, No. 1,467,015, are invalid in their original form in view of the prior art; (2) the claims should be limited to exclude the prior art, and if so limited, the defendant's machine does not infringe; and (3) the claims of the patents are invalid in view of the disclaimers filed.

As to the first patent this court held that the decree of the District Court dismissing the bill of complaint should be affirmed for the reason that the defendant's machine does not infringe the claims of the first patent even if it is valid. Thus, the conclusion of the trial court was correct and its decrees properly should have been affirmed. It was unnecessary for this court to go any further than its holding that the claims of the first patent are so limited by the prior art that the defendant's machine does not infringe.

The conclusion of the District Court that the bill of complaint should be dismissed as to Sundback patent, No. 1,331,-884, is correct, and its decree is affirmed for the reason stated in the opinion of this court that even if that patent is valid, its claims must be so limited as to exclude the defendant's machine; its decree is also affirmed as to claim 32 of Sundback patent, No. 1,467,015, since it is not infringed and is void in the face of the disclaimer, as to claim 54 it is affirmed because of invalidity and noninfringement, as to claim 46 for the reason that it is void in view of the disclaimer, as to 47 because it claims as an invention the same machine already declared and claimed in the prior claim 33; but the decree is reversed as to claim 33, which is valid and infringed.

The court has also carefully considered the matter set out in the petition for rehearing submitted by Lion Fastener, Inc., the defendant-appellee. No new question is raised in the petition and further consideration is unnecessary.

The petition is denied.